LUIS F. GONZÁLEZ, peticionario, v. LA CORTE DE DISTRITO DE SAN JUAN, HON. ÁNGEL R. DE JESÚS, JUEZ, demandada.

No. 757.—*Sometido:* Abril 20, 1931. *Resuelto:* Mayo 7, 1931.

*Luis Muñoz Morales y Enrique Rincón,* abogados del peticionario; *Angel A. Vázquez,* abogado del interventor, demandante en el pleito principal.

El Juez Presidente Señor del Toro, emitió la opinión del tribunal.

El presente es un caso de *certiorari*. Luis F. González archivó en esta Corte Suprema una petición alegando que la Corte de Distrito de San Juan le había negado el derecho a intervenir en cierto pleito que ante ella se tramitaba y que carecía de todo otro recurso rápido, adecuado y eficaz en el curso ordinario de la ley para hacer valer su derecho, a no ser que esta Corte Suprema reclamara el pleito mediante la expedición de un auto de *certiorari*. El auto fué expedido y el pleito se encuentra ante nosotros. Las partes fueron oídas por medio de sus abogados el 20 de abril último.

El pleito de que se trata es el No. 13450 seguido en la Corte de Distrito de San Juan por Francisco López Quiñones contra Candelario Quiñones en reclamación de $1,027.51 procedentes de una deuda de $383.40, y sus intereses, contraída por el demandado para con el demandante y su hermano Remedios desde 1894, por haber dispuesto de bienes del demandante y su hermano, deuda que fué reconocida por escritura pública otorgada el 4 de mayo de 1929. El principal y los intereses ascendían, según la demanda, el 6 de noviembre de 1930 en que la demanda fué presentada, a $2,055.03. El demandante reclama su mitad.

Junto con la demanda se presentó una solicitud de aseguramiento de sentencia. Decretó la corte el aseguramiento y el márshal trabó embargo en el propio mes de noviembre, 1930, sobre una finca del demandado de cuarenta y tres cuerdas, situada en Río Grande.

El demandado se defendió en el pleito presentando varias mociones preliminares y archivando al fin su contestación el 13 de enero, 1931. El pleito fué incluído en el calendario, señalándose la vista en febrero 25, para marzo 10.

Así las cosas, Luis F. González, el 4 de marzo de 1931, pidió intervención en el pleito, acompañando su demanda de la cual aparece que González es acreedor del demandado

por $2;987.78, suma que le había sido reconocida por sentencia firme, y que tiene interés en la "única propiedad conocida que posee el deudor por sentencia Candelario Quiñones" que lo es la finca de 43 cuerdas embargada en el pleito para satisfacer la sentencia que en él pueda dictarse.

También se encuentran ante nosotros los autos del pleito No. 14021 en el cual se dictó sentencia a favor de González. De ellos resulta que González, que ejerce la profesión de medicina y cirugía, demandó a Quiñones el 13 de febrero de 1931 reclamándole $2,987.78 procedentes $2,485 de servicios profesionales y $502.78 de cantidades en efectivo que prestara a Quiñones. Éste fué emplazado el mismo día. Pidió prórroga para contestar el 24 de febrero y dos días después presentó una moción reconociendo la certeza y legitimidad de las cantidades reclamadas y allanándose a que se dictara sentencia contra él. Y a fin de que la referida sentencia fuera firme y ejecutable en seguida, el demandado renunció en su moción su derecho a apelar de la misma. El 28 de febrero de 1931, la corte dictó sentencia en la forma solicitada. Y con ella como base fué que González solicitó intervenir en el pleito No. 13450.

El demandante López Quiñones se opuso a la intervención, y la corte, el 10 de marzo de 1931, denegó el permiso solicitado. Fué entonces que González acudió a esta Corte Suprema en solicitud del *certiorari*. Radicó su petición el 13 de febrero. Le fué denegada el 16. Insistió en una petición adicional que archivó el 18, ordenando la corte la expedición del auto el 24 y librándose el mandamiento el 25.

Mientras esto ocurría en esta Corte Suprema, en la de distrito se celebró el juicio el 10 de marzo, 1931, día para el cual, como ya dijimos, había sido señalado, y se dictó sentencia el 25 de marzo, 1931.

Los hechos expuestos hablan por sí mismos. A nuestro juicio la intervención fué debidamente denegada. No nos detendremos en el análisis de la jurisprudencia interpreta-

tiva del artículo 72 de nuestro Código de Enjuiciamiento Civil, que ya es copiosa en este mismo tribunal y que justifica, en general, a nuestro juicio, la negativa. Bastará que citemos, con aprobación, lo que dice el Juez del Distrito al retornar el auto. Es así:

"Respetuosamente se llama la atención de ese Hon. Tribunal al hecho de que a pesar de que el peticionario manifiesta de buena fe a ese Tribunal que el art. 1838 del Código Civil que se alega infringido, no ha sido interpretado por ese Tribunal Supremo ni por el Tribunal Supremo de España, sin embargo es lo cierto que dicho art. 1838 idéntico al 1937 del Código Civil Español fué interpretado por el Hon. Tribunal Supremo de Puerto Rico en el caso de Berríos v. R.R. M. M. Carmelitas, 3 D.P.R. 306, 310 donde ese Hon. Tribunal por voz de su juez asociado Sr. Figueras, se expresó en los siguientes términos:

" 'Considerando: que si bien el artículo 1937 del Código Civil establece que los acreedores, y cualquiera otra persona interesada en hacer valer la prescripción, podrán utilizarla a pesar de la renuncia expresa o tácita del deudor o propietario, esta potestad está subordinada a lo dispuesto en el artículo 1111 del citado texto, y no consta probado que el acreedor Berríos haya perseguido los bienes de que esté en posesión el deudor para realizar la deuda.'

"Y se llama además la atención de ese Hon. Tribunal al hecho de que de la demanda de intervención no aparece que el peticionario haya perseguido en manera alguna los bienes de que está en posesión el deudor para realizar la deuda."

Parece conveniente aclarar que el artículo 1111 que se cita en el caso de Berríos, *supra,* corresponde al texto del antiguo Código Civil, habiendo subsistido en el Revisado con el No. 1078.

El hecho de que en la demanda de intervención se dijera que la finca de 43 cuerdas embargada era la única propiedad conocida del demandado, no es bastante. Para que se reconozca al acreedor el derecho a alegar la prescripción que dejara de alegar su deudor, sería necesario que hubiera alegado que había perseguido sin éxito, los bienes de que estaba en posesión el deudor para realizar la deuda.

*Debe anularse el auto de* certiorari *expedido y devol-*

*verse el pleito número 13450 y también el 14021 a la Corte de Distrito de San Juan para que continúe actuando en ellos de acuerdo con la ley.*

El Juez Asociado Señor Wolf no intervino.